UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LESEAN JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-3357 |
| | ) | |
| LATOYA HUGHES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Menard Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he was assaulted by unidentified correctional officers, resulting in a dislocated shoulder and torn ligaments, during his incarceration at Western Illinois Correctional Center. Plaintiff alleges that he was denied immediate medical treatment, and that officials did

not properly investigate a complaint he made pursuant to the Prison Rape Elimination Act (PREA).

Plaintiff does not have a constitutional right to the investigation of his complaint. *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015). His allegations are too sparse to permit an inference that any delay in receiving medical treatment violated his constitutional rights. *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 483 (7th Cir. 2022) (delay in treatment may violate Eighth Amendment depending upon the severity of the condition and the ease of providing treatment).

Plaintiff fails to identify the correctional officers who assaulted him, nor did he describe the roles each of the named defendants played in any alleged constitutional violation. Plaintiff may be able to state an Eighth Amendment claim for excessive force, but he must identify the officials involved to the extent he is able. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

### Plaintiff's Motions to Request Counsel (Doc. 4, 13)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Plaintiff attached several letters he alleges he sent to attorneys, but he did not provide any objective evidence (attorney response, mail log) indicating that he actually sent them. His unsubstantiated assertions are not sufficient. *Tackett v. Jess*, 853 F. App'x 11, 16-17 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

### Plaintiff's Motions (Docs. 14, 15, 16)

Plaintiff filed several motions that appear to be discovery requests. If Plaintiff is able to state a constitutional claim, the Court will enter a scheduling order that outlines the discovery process after any defendants have filed their answers. Plaintiff will have an opportunity to request this information at that time. Any requests should be sent directly to defense counsel. Plaintiff's motions are denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Clerk is directed to send Plaintiff a blank complaint form.**

2) **Plaintiff's Motions [4][13] are DENIED with leave to renew.**

3) **Plaintiff's Motions [14][15][16] are DENIED.**

Entered this 9th day of February, 2024.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE